UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURILIO ESCAMILLA-ALVARADO, Petitioner, v. JEREMY CASEY, *et al.*, Respondents. | Case No.: 26-cv-2593-JO-BJW **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 6, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on May 8, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.
2. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing an individualized bond hearing before a neutral immigration judge where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or such a flight risk that no amount of bond or alternative conditions of release "would suffice to ensure his future appearance."

*Hernandez v. Sessions*, 872 F.3d 976, 983 (9th Cir. 2017); *see id.* at 990–91 n.18; *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). In setting the amount of bond, the immigration judge must consider Petitioner's financial circumstances and alternative conditions of release as set forth in *Hernandez*, 872 F.3d at 990–91. The immigration judge shall not deny bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or (ii) Board of Immigration Appeals precedent deprives the immigration judge of jurisdiction to decide bond. The bond hearing shall be transcribed.

3. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.
4. The May 14, 2026 hearing is VACATED.
5. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 7, 2026

Honorable Jinsook Ohta
United States District Judge